UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IVAN ANTJUAN BURLEY, | |
| Plaintiff, | Case No. 3:19-cv-00118 |
| v. | Judge William L. Campbell, Jr. |
| SUMNER COUNTY 18TH JUDICIAL DRUG TASK FORCE, et al., | Magistrate Judge Alistair E. Newbern |
| Defendant. | |

To: The Honorable William L. Campbell, Jr., District Judge

## REPORT AND RECOMMENDATION

Pro se and *in forma pauperis* Plaintiff Ivan Antjuan Burley brings this action under 42 U.S.C. § 1983 alleging that Defendants the Sumner County 18th Judicial District Drug Task Force, Sumner County, Sumner County Circuit Court Judge Dee David Gay, and Drug Task Force Agent Jason Arnold violated his rights under the Fourth and Fifth Amendments. Gay has moved for summary judgment (Doc. No. 48), and Arnold has filed a motion to dismiss Burley's claims against him (Doc. No. 50). For the reasons that follow, the Magistrate Judge will recommend that Gay's and Arnold's motions be granted.

**I.    Factual and Procedural Background**

Burley initiated this action on February 5, 2019, by filing a complaint under 42 U.S.C. § 1983 against the Sumner County 18th Judicial Drug Task Force (the Drug Task Force). (Doc. No. 1.) The Court granted Burley's application to proceed *in forma pauperis* and screened the complaint under 28 U.S.C. § 1915(e)(2), allowing his Fourth and Fifth Amendment claims against the Drug Task Force to proceed. (Doc. No. 4.)

On February 22, 2019, and April 8, 2019, Burley filed two documents in which he sought to add Sumner County, Arnold, and Gay as defendants and to add claims under the Eighth Amendment. (Doc. Nos. 6, 10.) Finding that Burley's filings did not comply with this Court's local rules regarding amendments, the Court ordered Burley to file an amended complaint (Doc. No. 28). Burley did so on May 23, 2019 (Doc. No. 29). The Court screened the amended complaint under 28 U.S.C. § 1915(e)(2) and allowed Burley's Fourth Amendment claims against Arnold and Gay in their individual capacities and Fourth and Fifth Amendment claims against Sumner County and the Drug Task Force to proceed. (Doc. Nos. 40, 41.) The Court dismissed Burley's Eighth Amendment claims. (*Id.*)

The amended complaint alleges that, on February 8, 2016, Drug Task Force agents, including Arnold, seized Burley's property while executing a search warrant in White's Creek, Tennessee. (Doc. No. 29.) On February 22, 2016, the agents obtained three civil forfeiture warrants for the seized property from Sumner County Circuit Court Judge Gay, disregarding an order from a Davidson County court that any evidence seized be held "in safekeeping until further notice and direction from Davidson County courts." (*Id.*) Burley challenged the forfeiture warrants in the Davidson County Chancery Court, which "ruled that the Sumner County Circuit judge lacked the legal authority to issue the civil forfeiture warrants for property recovered in another jurisdiction." (*Id.*) Although the seized property was eventually returned, Burley claims that it was "instrumental and necessary" to his real estate business, which lost earnings as a result of the seizure. (*Id.*)

### A. Gay's Motion for Summary Judgment

On May 20, 2020, Gay filed a motion for summary judgment accompanied by a supporting memorandum of law, a statement of undisputed material facts, an affidavit, and a copy of the Davidson County Chancery Court order referenced in Burley's pleadings. (Doc. Nos. 48–48-4.) Gay argues that he is not a proper defendant to this action and submits an affidavit swearing that

2

he "did not sign or issue a civil forfeiture warrant regarding the property of Plaintiff, Ivan Burley" or order the civil forfeiture of Burley's property. (Doc. No. 48-3.) Gay also argues that Burley's claims against him are barred by Tennessee's one-year statute of limitations. (Doc. No. 48-1.)

In response, Burley argues that (1) record evidence does not support Gay's assertion that he was not the judge who signed the forfeiture warrants and (2) his claims against Gay are not time-barred because the allegations in his amended complaint relate back to the initial complaint under Federal Rule of Civil Procedure 15(c). (Doc. No. 53.)

### B. Arnold's Motion to Dismiss

On May 27, 2020, Arnold moved to dismiss Burley's claims against him under Federal Rule of Civil Procedure 12(b)(6) on grounds that Burley's claims are barred by Tennessee's one-year statute of limitations. (Doc. Nos. 50, 51.) Burley did not respond, and the Court ordered Burley to show cause why he should be permitted to file an untimely response and why his claims should not be dismissed for failure to prosecute. (Doc. No. 54.) Burley adequately responded to the show-cause (Doc. No. 55), and the Court granted him leave to file an untimely response (Doc. No. 56). In that response, Burley argues that, under Rule 15(c), his claims against Arnold relate back to the filing date of the initial complaint, which was filed within the one-year statute of limitations. (Doc. No. 57.)

## II. Legal Standard

### A. Motions for Summary Judgment Under Federal Rule of Civil Procedure 56

In resolving a motion for summary judgment, the Court must undertake "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Under Federal Rule of Civil Procedure 56, a court must grant summary judgment if

the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law[,]" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of demonstrating that no genuine issues of material fact exist. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its burden, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (citation omitted); *see also Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 282 (6th Cir. 2012) ("Once a moving party has met its burden of production, 'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.'" (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986))). The parties "must support" their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or, alternatively, by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B). Courts must view the record evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009). However, if the moving party carries its initial burden, the non-moving party must show more than "[t]he mere existence of a scintilla of evidence

4

in support of" his or her position. *Anderson*, 477 U.S. at 252. In order to proceed to trial, "there must be evidence on which the jury could reasonably find" for the non-moving party. *Id.*

### B. Motions to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "'labels and conclusions[,]'" "'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (third alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Burley proceeds pro se, the Court construes his filings "'liberally'" and holds his complaint "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). There are

limits to liberal construction, however, and "courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**III.     Analysis**

    **A.     Gay's Motion for Summary Judgment**

Gay argues that there is no genuine dispute of material fact that he is not the Sumner County judge who issued the civil forfeiture warrants at issue in this action. (Doc. Nos. 48, 48-1.) In support of his motion for summary judgment, Gay offers an affidavit stating that he "did not sign or issue a civil forfeiture warrant" or "order a civil forfeiture" regarding Burley's property. (Doc. No. 48-3.) Gay also filed a statement of undisputed material facts (Doc. No. 48-2), to which Burley has not responded. Under this Court's Local Rule 56.01, Gay's statements of fact are therefore considered undisputed for purposes of summary judgment. M.D. Tenn. R. 56.01(f) (failure to respond). Burley responds that Gay has not provided sufficient evidence to show no genuine issue of material fact that he did not sign the forfeiture warrants or that another judge did sign them. (Doc. No. 53.)

Gay asserts in his statement of undisputed material facts that he "did not sign or issue the forfeiture warrants at issue in this suit." (Doc. No. 48-2.) A party may support facts it claims to be disputed or undisputed at summary judgment by "particular parts of materials in the record, including . . . affidavits or declarations[.]" Fed. R. Civ. P. 56(c)(1)(A). An affidavit offered for this purpose "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Gay's affidavit establishes that he is "a criminal Judge for the Circuit Court of the 18th Judicial District in Sumner County, Tennessee" and that he "did not sign or issue a civil forfeiture warrant regarding the property of Plaintiff, Ivan Burley" and "did not order a civil forfeiture

6

regarding the property of Plaintiff, Ivan Burley." (Doc. No. 48-3.) Gay's affidavit meets the requirements of Rule 56(c). By providing appropriate evidence that he was not the judge who issued the warrants upon which Burley's claims are based, Gay has met his initial burden of production under Rule 56. *See Celotex*, 477 U.S. at 323.

Burley, in turn, has not offered any evidence to dispute Gay's assertion that he did not sign the warrant or order the forfeiture of Burley's property. Although Burley's amended complaint identifies Gay as the judge who issued civil forfeiture warrants for his property (Doc. No. 29), the pleading is unverified, as Burley does not affirm its allegations under penalty of perjury as required by 28 U.S.C.§ 1746. While a verified complaint is considered appropriate supporting evidence at summary judgment, *Williams v. Browman*, 981 F.2d 901, 904–05 (6th Cir. 1992), an unverified complaint is not. *See, e.g.*, *Zeune v. Mohr*, No. 2:14-cv-153, 2015 WL 6468541, at \*6 (S.D. Ohio Oct. 27, 2015) (finding that the plaintiff's unverified complaint was not sufficient evidence to create a genuine dispute of material fact under Rule 56), *report and recommendation adopted by* 2015 WL 7454672 (S.D. Ohio Nov. 23, 2015). Accordingly, because Burley offers no support for his allegation that Gay signed and issued the warrants, there is no genuine dispute of material fact on that point, which is a necessary element of Burley's claims against Gay. Gay is entitled to summary judgment as a matter of law.

### B. Arnold's Motion to Dismiss

Arnold argues that Burley's claims against him must be dismissed under Rule 12(b)(6) because the amended complaint naming Arnold as a defendant was filed outside Tennessee's one-year statute of limitations. (Doc. Nos. 50, 51.) Burley responds that his claims against Arnold are

not time-barred because the amended complaint relates back to the initial complaint, which was filed within the statute of limitations. (Doc. No. 57.)[1]

Arnold and Burley agree that Burley's claims accrued and the statute of limitations began to run when the Davidson County Chancery Court filed its final order in Burley's case.[2] *See Hill v. Tennessee*, 868 F. Supp. 221, 224 (M.D. Tenn. 1994) (finding that constitutional claims arising out of the forfeiture of property accrued when the plaintiff concluded a state-court challenge to the forfeiture, not when the property was seized). The Chancery Court's final order was filed on April 10, 2018 (Doc. No. 48-4)[3] and Burley filed the initial complaint on February 5, 2019 (Doc. No. 1), within the applicable one-year statute of limitations. *See Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000); Tenn. Code Ann. § 28-3-104(a)(1). Burley filed the amended complaint naming Arnold as a defendant on May 23, 2019 (Doc. No. 29), after the statute of limitations had expired.

---

[1] Gay also asserts that Burley's claims against him are barred by the statute of limitations. (Doc. Nos. 48, 48-1.) Although full analysis of that argument is unnecessary because Gay has demonstrated that he is entitled to summary judgment on other grounds, Burley's claims against Gay are time-barred for the same reasons as the claims against Arnold.

[2] Burley has not articulated this position in his summary judgment briefing, but did so in earlier filings related to Sumner County and the Drug Task Force's motion for summary judgment. (Doc. No. 36.)

[3] Generally, when a party moves to dismiss an action under Rule 12(b)(6), the court may only consider matters presented in the pleadings unless the motion is converted into one for summary judgment. Fed. R. Civ. P. 12(d). However, courts may consider "public records or [matters that] are otherwise appropriate for the taking of judicial notice" without converting a motion to dismiss into a motion for summary judgment. *New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003). "Such public records that a court may consider include documents from other court proceedings." *Watermark Senior Living Ret. Cmtys., Inc. v. Morrison Mgmt. Specialists, Inc.*, 905 F.3d 421, 425–26 (6th Cir. 2018). Burley's amended complaint references the Chancery Court order but does not indicate when the order was filed. (Doc. No. 29.) Gay has provided a copy of the order as an exhibit to his motion for summary judgment (Doc. No. 48-4.), and the Court takes judicial notice of the date it was issued for the purpose of determining the date when Burley's claims accrued.

8

When an amendment to a pleading "changes the party or the naming of the party against whom a claim is asserted," Rule 15(c) allows relation back to the date of the original filing if (1) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading;" and (2) "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment" received notice of the action and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(B)–(C)(ii). Rule 15(c)'s requirement that the party seeking relation back show a mistake of identity is dispositive here. The Sixth Circuit holds that, once the statute of limitations has expired, Rule 15 allows parties to be substituted to correct a misnomer or mistake in identity but does not allow the addition of new parties. *Rayfield v. City of Grand Rapids*, 768 F. App'x 495, 502 (6th Cir. 2019) (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)); *see also In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1450 (6th Cir 1991). Here, the Drug Task Force is the only defendant named in the initial complaint. (Doc. No. 1.) The amended complaint adds Arnold as a new defendant rather than substituting him for another party (Doc. No. 29), indicating that the amendment was not made to correct a mistake in identity. The requirements for relation back under Rule 15(c) are not met, and Burley's claims against Arnold are barred by the statute of limitations.

## IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that Gay's motion for summary judgment (Doc. No. 48) and Arnold's motion to dismiss (Doc. No. 50) be GRANTED.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided.

*Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

    Entered this 17th day of February, 2021.

                                                  _____
                                                  ALISTAIR E. NEWBERN
                                                  United States Magistrate Judge