UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IVAN ANTJUAN BURLEY, | |
| Plaintiff, | Case No. 3:19-cv-0118 |
| v. | Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |
| SUMNER COUNTY 18TH JUDICIAL<br>DRUG TASK FORCE et al., | |
| Defendants. | |

## MEMORANDUM ORDER

This Order addresses several pending motions in this civil rights action brought by pro se Plaintiff Ivan Antjuan Burley under 42 U.S.C. § 1983. Burley, who appears *in forma pauperis* and is detained pretrial in the custody of the Davidson County Sheriff's Office (DCSO) in Nashville, Tennessee, has asked the Court to issue a restraining order (Doc. No. 65), appoint counsel to represent him (Doc. No. 71), extend the deadline to complete discovery (Doc. No. 75), and reconsider its previous orders denying Burley's motion for leave to file an amended complaint (Doc. No. 79). Defendants Sumner County, Tennessee, and the Sumner County 18th Judicial District Drug Task Force (Drug Task Force) have filed a motion for an extension of time to file dispositive motions. (Doc. No. 82), which Burley also seeks to extend (Doc. No. 83).

For the reasons that follow, Burley's motions will be denied and the defendants' motion to extend the deadline to file dispositive motions, supported by Burley's own request, will be granted.

### I. Relevant Background

Burley initiated this action on February 5, 2019, by filing a complaint under 42 U.S.C. § 1983 against the Drug Task Force. (Doc. No. 1.) Burley later filed an amended complaint (Doc.

No. 29) that is the operative pleading in this action. The amended complaint alleges that, on February 8, 2016, Drug Task Force agents seized Burley's property while executing a search warrant in White's Creek, Tennessee. (*Id.*) Burley states that agents obtained three civil forfeiture warrants in Sumner County Circuit Court, allegedly disregarding an order from a Davidson County court that any evidence seized be held "in safekeeping until further notice and direction from Davidson County courts." (*Id.* at PageID# 125.) Burley challenged the forfeiture warrants in the Davidson County Chancery Court, which "ruled that the Sumner County Circuit judge lacked the legal authority to issue the civil forfeiture warrants for property recovered in another jurisdiction." (*Id.*) Although the seized property was eventually returned, Burley claims that it was "instrumental and necessary" to his real estate business, which lost earnings as a result of the seizure. (*Id.*)

The Court screened Burley's amended complaint under § 1915(e)(2) and allowed Burley's Fourth and Fifth Amendment claims against Sumner County and the Drug Task Force and his Fourth Amendment claims against Defendants Agent Jason Arnold and Sumner County Circuit Court Judge Dee David Gay in their individual capacities to proceed. (Doc. Nos. 40, 41.) Burley's other claims were dismissed. (Doc Nos. 40, 41.) The Court later granted Arnold's motion to dismiss and Gay's motion for summary judgment, leaving Sumner County and the Drug Task Force as the only remaining defendants. (Doc. Nos. 58, 59.) The Court entered a scheduling order setting July 19, 2021, as the deadline for filing motions to amend the pleadings; November 19, 2021, as the deadline for completing all discovery; and January 19, 2022, as the deadline for filing dispositive motions. (Doc. No. 60.)

On July 14, 2021, Burley filed a document titled "amendment to pleading" (Doc. No. 63), which the Court construed as a motion to amend the complaint (Doc. No. 70). The Court found that Burley's motion to amend did not comply with the Federal Rules of Civil Procedure and this

Court's local rules and denied the motion without prejudice. (*Id.*) Burley then filed a document titled "proposed amended complaint" (Doc. No. 73) which the Court again construed as a motion to amend and denied because it did not comply with the Federal and local rules. (Doc. No. 77). On December 29, 2021, Burley filed another motion to amend the complaint (Doc. No. 80) and an "appeal for denial of amendment" asking the Court to "reconsider its denial" and grant his earlier motion to amend (Doc. No. 79, PageID# 407).

Burley has also filed a motion for a restraining order under Tennessee Rule of Civil Procedure 65.03, asking the Court to

> enjoin[ ] and restrain[ ] the defendants, their agents, servants, employees and attorneys and all persons in active concert and participation with them, from investigating, seizing property, requesting forfeiture of property and or funds, contacting, harassing and investigating friends, family and associates of Plaintiff and Plaintiff's friends, family and associates.

(Doc. No. 65, PageID# 324.) The defendants filed a response in opposition arguing that Burley has not carried his burden of showing that a preliminary injunction or temporary restraining order is necessary. (Doc. No. 67.)

On October 29, 2021, Burley filed a motion asking the Court to appoint counsel to represent him in this action. (Doc. No. 71.) The defendants responded that the appointment of counsel is not warranted because Burley has not shown that exceptional circumstances exist in this case to warrant appointment of counsel. (Doc. No. 72.) Burley replied that the constitutional violations at issue in that case, the strength of his claims, and his lack of legal knowledge warrant appointment of counsel in this case. (Doc. No. 74.)

On December 9, 2021, Burley filed a motion to modify the scheduling order, asking the Court to extend the time to conduct discovery is necessary in light of his pro se status and current incarceration. (Doc. No. 75.) The defendants responded that the extension is not warranted under Federal Rule of Civil Procedure 16 because Burley has not shown that he was diligent in

attempting to comply with the existing discovery deadline. (Doc. No. 76.) Burley replied that he has shown diligence through his attempts to obtain counsel to represent him and through his compliance with other case management deadlines. (Doc. No. 78.)

On January 12, 2022, the defendants filed a motion to extend the deadline for filing dispositive motions until after all of the pending motions have been resolved. (Doc. No. 82.) The Court received a letter from Burley one day later, which also asks to extend the dispositive motion deadline. (Doc. No. 83.)

## II.     Analysis

### A.     Burley's Motion for a Temporary Restraining Order

Burley asks the Court to issue a temporary restraining order under Tennessee Rule of Civil Procedure 65.03, which does not apply to this action. *See generally* Fed. R. Civ. P. 1 (providing that the Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts . . ."). Further, Burley's motion does not comply with the requirements of Federal Rule of Civil Procedure 65 or Local Rule 65.01, which govern applications for temporary restraining orders in this Court. Accordingly, the Court will direct the Clerk of Court to administratively terminate Burley's motion for a restraining order.

### B.     Burley's Motion to Appoint Counsel

Burley asks the Court to appoint counsel to represent him in this action "[d]ue to the magnitude of [Burley's multiple pending] suits and the scope of law involved . . . ." (Doc. No. 71, PageID# 358.) The defendants respond that Burley has not shown that exceptional circumstances exist in this case to warrant appointment of counsel. (Doc. No. 72.) Burley replies that counsel should be appointed because this case involves complex issues and because he is alleging ongoing constitutional violations. (Doc. No. 74.)

4

In civil actions, unlike criminal proceedings, there is no constitutional right to counsel. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) ("'Appointment of counsel in a civil case is not a constitutional right.'" (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985))); *Hollis v. Perry*, No. 3:17-cv-00626, 2018 WL 3572391, at *2 (M.D. Tenn. July 24, 2018) (citing *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), for the proposition that "there is no constitutional right to an appointed counsel in a civil action"). District courts have discretion to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but there must be exceptional circumstances justifying such an appointment. *See Lavado*, 992 F.2d at 606 (quoting *Wahl*, 773 F.2d at 1174); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (interpreting then § 1915(d)). To determine "whether exceptional circumstances exist, a district court considers the type of case, the ability of the pro se litigant to represent himself or herself, and the nature of the factual and legal issues involved." *Hollis*, 2018 WL 3572391, at *2.

At this stage in the proceedings, and considering Burley's demonstrated ability to represent himself, the Court finds no exceptional circumstances to warrant appointment of counsel. The factual and legal issues in this case are not unusually complex. Burley has shown by his pleadings and motions filed to date that he can communicate effectively with the Court. (Doc. Nos. 1, 2, 6, 10, 27, 29, 34, 36, 53, 55, 57, 61, 63, 65, 66, 68, 69, 71, 73, 74, 75, 78, 79, 80, 83.) Many of his filings contain citations to legal authority, indicating that he is able to conduct legal research. (Doc. Nos. 36, 53, 57, 63, 65, 68, 73–75, 80.) Burley's detention is a circumstance common to many pro se plaintiffs, most of whom will not be appointed counsel. For these reasons, Burley's motion to appoint counsel will be denied without prejudice. If circumstances in this case change—for example, if Burley's claims proceed to trial—he may raise the issue of appointed counsel again.

## C. Burley's Motion for Extension of Time to Conduct Discovery

Burley asks the Court to extend the time to complete discovery because "[t]he complexity of [his] multiple related suits" and his "current incarceration make it impossible for [him] to investigate, prepare and present any meaningful evidence" without counsel. (Doc. No. 75, PageID# 392.) The defendants respond that Burley has not shown that an extension is warranted under Federal Rule of Civil Procedure 16, that "the parties exchanged written discovery more than a year ago in June and August of 2020[,]" and that Burley had not shown that he has diligently attempted to comply with the deadlines set forth by the Court. (Doc. No. 76, PageID# 398.) Burley replies that he has satisfied Rule 16's diligence requirement through his attempts to retain counsel and adherence to other deadlines and that further discovery may be necessary if the Court grants his most recent motion to amend. (Doc. No. 78.)

Under Federal Rule of Civil Procedure 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Where, as here, a party seeks to extend a deadline after it has already passed,[1] Rule 6(b) allows extension only where "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see also Gardner v. Dye*, No. 3:15 C 00669, 2016 WL 9244200, at *4 (M.D. Tenn. July 1, 2016) ("While Rule 16 (and its associated local rule) and Rule 6(b) overlap to some degree, we find that Rule 6(b)(1)(B) provides the appropriate standard, particularly where, as here, a party seeks an extension after a deadline has already passed.").

---

[1] A pro se incarcerated litigant's filing "is deemed filed when it is handed over to prison officials for mailing to the court" and, "absent contrary evidence, a prisoner does so on the date he or she signed the [filing]"). *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Because Burley's motion for an extension of time to conduct discovery is undated and is postmarked December 7, 2021 (Doc. No. 75), there is no evidence from which the Court could conclude that Burley gave it to DCSO officials for mailing before the November 19, 2021 discovery deadline had passed.

Burley states that, at the time he filed this motion, he was "still awaiting the Court's decision" on his motion to appoint counsel. (Doc. No. 75, PageID# 392.) The fact of a pending motion to appoint counsel, however, does not stay the discovery deadline in the scheduling order or excuse the late filing of a motion to modify that deadline. *See* M.D. Tenn. R. 16.01(g) (discovery conference, discovery plan, and stays of discovery) ("Discovery is not stayed, including during the pendency of dispositive motions, unless specifically authorized by Fed. R. Civ. 26(d) or by order of the Court . . . ."). Thus, Burley has not shown that his delay in moving to extend the discovery deadline was due to excusable neglect.

Burley has also failed to show good cause to modify the scheduling order under Rule 16. The "good cause" requirement in Rule 16 is only satisfied where the movant shows "that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014); *see also Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (discussing diligence and prejudice with respect to Rule 16's good cause requirement). Burley must show that he diligently attempted to conduct discovery before the original deadline. Although he argues that he diligently "attempt[ed] to retain counsel to assist in the process[,]" (Doc. No. 78, PageID# 405), he was still required to meet his discovery obligations while acting pro se. *See Bowman v. Corr. Corp. of Am.*, No. 1:12-0012, 2013 WL 3306215, at *3 (M.D. Tenn. July 1, 2013) ("Although the Court recognizes the plaintiff's status as a pro se litigant, proceeding pro se does not relieve a litigant from the basic obligations required of all parties."). Burley has not explained what efforts he has made to conduct discovery in this action, despite being informed of his discovery obligations in the Court's scheduling order. (Doc. No. 60.) Therefore, Burley's motion for an extension of time to conduct discovery will be denied.

### D.      Burley's Appeal for Denial of Amendment

On July 14, 2021, the Court received a filing from Burley titled "Amendment to Pleading." (Doc. No. 63.) The Court construed that filing as a motion to amend the complaint and denied that motion without prejudice to refiling a motion that complies with the Court's local rules. (Doc. No. 70). Burley then filed a document titled "proposed amended complaint" (Doc. No. 73), which the Court again construed as a motion to amend the complaint and denied because it did not comply with the Federal and local rules. (Doc. No. 77). On December 29, 2021, the Court received two filings from Burley: an "appeal for denial of amendment" (Doc. No. 79), and a new motion to amend the complaint (Doc. No. 80).

This Court has discretion to reconsider and modify interlocutory orders, including orders on motions to amend, at any time before final judgment. *See In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008) (holding that "[d]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment" (alteration in original) (quoting *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991))). However, the Court finds that reconsideration is not warranted here.

Although Burley's "appeal for denial of amendment" asks the Court to "reconsider its denial" of Burley's previous motions to amend, Burley does not argue that there was any error in the Court's orders denying those motions. (Doc. No. 79.) Instead, he states that he "has attached what he believes is a properly constituted motion to amend" and asks the Court to grant that newly filed motion. (*Id.* at PageID# 407.) Because Burley has not provided any grounds for the Court to reconsider its prior order, his "appeal for denial of amendment" will be denied. The Court will resolve his most recent motion to amend (Doc. No. 80) after the briefing of that motion is complete. *See* M.D. Tenn. R. 7.01 (motions).

**E.    The Defendants' Motion for Extension of Time to File Dispositive Motions and Burley's Independent Request for an Extension**

The defendants have moved to extend the dispositive motion deadline until after the pending motions, including Burley's most recent motion to amend, are decided. (Doc. No. 82.) The scheduling order currently provides that dispositive motions are to be filed by January 19, 2022. (Doc. No. 60.) Burley has also asked the Court to extend the dispositive motion deadline in light of the pending motions. (Doc. No. 83.)

Considering the parties' agreement on this issue, the Court finds good cause to extend the dispositive motion deadline until after Burley's most recent motion to amend has been resolved. *See* Fed. R. Civ. P. 16(b)(4). Accordingly, the defendants' motion for an extension of time to file dispositive motions will be granted.

**III.    Conclusion**

For the foregoing reasons, the Clerk of Court is directed to ADMINISTRATIVELY TERMINATE Burley's motion for a restraining order. (Doc. No. 65.) Burley's motion to appoint counsel (Doc. No. 71), motion to modify the scheduling order (Doc. No. 75), and appeal for denial of amendment (Doc. No. 79) are DENIED.

The defendants' motion for an extension of time to file dispositive motions (Doc. No. 82), in which Burley concurs (Doc. No. 83), is GRANTED. The Court will reset the dispositive motion deadline after Burley's most recent motion to amend (Doc. No. 80) has been resolved.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge