UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IVAN ANTJUAN BURLEY, | |
| Plaintiff, | Case No. 3:19-cv-00118 |
| v. | Judge William L. Campbell, Jr. |
| | Magistrate Judge Alistair E. Newbern |
| SUMNER COUNTY 18TH JUDICIAL DRUG TASK FORCE et al., | |
| Defendants. | |

## MEMORANDUM ORDER

Pro se Plaintiff Ivan Antjuan Burley has filed a motion for leave to file an amended complaint (Doc. No. 80), to which Defendants Sumner County, Tennessee, and the 18th Judicial District Drug Task Force have responded in opposition (Doc. No. 81), and Burley has filed a reply (Doc. No. 85). Burley has also filed a motion to ascertain the status of his motion to amend. (Doc. No. 86.) For the reasons that follow, Burley's motion to ascertain status will be granted and his motion to amend will be denied.

## I.      Factual and Procedural Background

Burley initiated this action on February 5, 2019, by filing a complaint under 42 U.S.C. § 1983, alleging that the Drug Task Force violated his rights under the Fourth and Fifth Amendments of the United States Constitution when it seized his property in February 2016, obtained civil forfeiture warrants for the property, and disregarded an order from another jurisdiction to safeguard the property pending further court action. (Doc. No. 1.) The Court granted Burley's application to proceed *in forma pauperis* and screened his complaint under 28 U.S.C.

§ 1915(e)(2), finding that Burley had stated colorable Fourth and Fifth Amendment claims against the Drug Task Force. (Doc. No. 4.)

Burley later amended his complaint to add Sumner County, Sumner County Circuit Court Judge Dee David Gay, and Drug Task Force Agent Jason Arnold as defendants and to add claims under the Eighth Amendment. (Doc. No. 29.) The Court screened the amended complaint and found that Burley had stated colorable Fourth Amendment claims against Arnold and Gay in their individual capacities and colorable Fourth and Fifth Amendment claims against Sumner County and the Drug Task Force. (Doc. Nos. 40, 41.) The Court dismissed Burley's Eighth Amendment claims. (*Id.*)

The amended complaint alleges that, on February 8, 2015, Drug Task Force agents, including Arnold, seized Burley's property while executing a search warrant in White's Creek, Tennessee. (Doc. No. 29.) On February 22, 2016, the agents obtained three civil forfeiture warrants for the seized property from Gay, disregarding an order from a Davidson County court that any evidence seized be held "in safekeeping until further notice and direction from Davidson County courts." (*Id.* at PageID# 125.) Burley challenged the forfeiture warrants in the Davidson County Chancery Court, which "ruled that the Sumner County Circuit judge lacked the legal authority to issue the civil forfeiture warrants for property recovered in another jurisdiction." (*Id.*) Although the seized property was eventually returned, Burley claims that it was "instrumental and necessary" to his real estate business, which lost earnings as a result of the seizure. (*Id.*)

On March 5, 2021, the Court granted summary judgment in Gay's favor and dismissed Burley's claims against Arnold. (Doc. Nos. 58, 59.) The Court then entered a scheduling order that established July 19, 2021, as the deadline to file any motion to amend a pleading. (Doc. No. 60.)

On July 5, 2021,[1] Burley filed a document titled "Amendment to Pleading" containing new allegations against Arnold; the City of Portland, Tennessee; the Drug Task Force; and Sumner County. (Doc. No. 63.) The Court construed Burley's filing as a motion to amend the complaint and denied that motion without prejudice to refiling in compliance with this Court's Local Rule 15.01. (Doc. No. 70.) On November 8, 2021, the Court received Burley's "Proposed Amended Complaint" (Doc. No. 73), which consisted of four new pages of factual allegations, a copy of Burley's initial complaint (Doc. No. 1), a document titled "Amended Complaint" that Burley had first filed on February 22, 2019 (Doc. No. 6), and a refiled copy of Burley's "Amendment to Pleading" (Doc. No. 63). The Court construed that filing as another motion to amend the complaint and again denied the motion for failure to comply with Local Rule 15.01. (Doc. No. 77.)

On December 29, 2021, Burley filed a motion to amend (Doc. No. 80) and a proposed second amended complaint (Doc. No. 80-1), in compliance with the Court's Local Rules. Burley seeks to add allegations that Arnold and the Drug Task Force made false statements when they applied for the February 8, 2016 search warrant described in Burley's previous pleadings. (Doc. No. 80-1.) Burley alleges that Arnold stated in the warrant application that Magan Dixon, the owner of a local UPS Store, had opened a package addressed to Burley's P.O. Box on October 5, 2015, and found a suspicious substance. (*Id.*) The Drug Task Force conducted a canine sniff of the

---

[1]     Under the standard governing filings by pro se incarcerated litigants—known as the "prison mailbox rule"—"a pro se prisoner's [pleading] is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing *Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002)). Courts assume, "absent contrary evidence," that an incarcerated person delivered a legal filing to prison authorities "on the date he or she signed [it]." *Id.* Because Burley made this filing while in the custody of the Davidson County Sheriff's Office, it is considered filed on July 5, 2021, the date on which Burley signed it. (Doc. No. 63.)

box, which did not reveal the presence of contraband, and the box was repackaged and retrieved by a person the Drug Task Force suspected to be Burley. (*Id.*) Arnold stated that Dixon called the Drug Task Force on October 19, 2015, stating that she had opened another package addressed to Burley's P.O. Box and found another suspicious substance. (*Id.*) The Drug Task Force arrived at the UPS Store, conducted a canine sniff that did indicate the presence of contraband, and seized the package. (*Id.*) Arnold then sought and obtained a search warrant to open and field test the contents of the package, which were identified as cocaine. (*Id.*)

Burley alleges that Dixon later told a private investigator hired by Burley that she never opened any packages on her own, that she had not contacted the Drug Task Force on October 5, 2015, and that the Drug Task Force did not visit her store on that date. (*Id.*) Dixon told the investigator that she did not contact the Drug Task Force on the day the second package was delivered, but cooperated with their instructions when they arrived at the store and inquired about the package. (*Id.*) Burley's attorney asked Dixon to sign an affidavit recording these statements, but Dixon stated "that she had spoken to Detective Arnold and was instructed not to sign anything or speak to anyone again until he had given permission." (*Id.* at PageID# 414.) Burley alleges that he told officials in the Sumner County District Attorney General's Office that Arnold and the Drug Task Force had fabricated evidence against him but those officials failed to intervene or investigate. (Doc. No. 80-1.) Burley alleges that Arnold provided this false information to obtain the search warrant authorizing the February 8, 2016 search described in Burley's previously filed complaints (Doc. Nos. 1, 29). (Doc. No. 80-1.)

Burley has not clearly identified which individuals, other than Dixon, he wishes to name as defendants in the proposed second amended complaint. (Doc. No. 80-1.) The Court construes the proposed second amended complaint to contain allegations against Dixon, Arnold, Sumner

County, and the Drug Task Force. (Doc. No. 80-1.) Burley seeks to add Fourth and Fifth Amendment claims under § 1983 for fabrication of evidence and Sumner County's failure to investigate his complaints or discipline Arnold and other Drug Task Force members; claims for civil conspiracy under 42 U.S.C. § 1985; and state-law claims for intentional infliction of emotional distress and loss of consortium. (*Id.*)

Sumner County and the Drug Task Force responded in opposition to Burley's motion to amend, arguing that Burley has not adequately explained why he should be permitted to amend his complaint, that his motion to amend is untimely under the Court's scheduling order, that late amendment would prejudice the defendants, and that Burley's proposed second amended complaint does not comply with the Court's Local Rules and the Federal Rules of Civil Procedure. (Doc. No. 81.) Burley replies that he first sought leave to amend his complaint before the deadline for filing amended pleadings and, since then, has repeatedly attempted to file a motion to amend that complies with this Court's orders and the applicable rules. (Doc. No. 85.) Burley also argues that the defendants have not shown that they would be prejudiced by amendment and that amendment is appropriate because his newly pleaded claims arise from the same course of events described in his initial complaint. (*Id.*)

## II.      Legal Standard

Federal Rule of Civil Procedure 15(a) typically governs motions to amend the pleadings before trial. Fed. R. Civ. P. 15(a). However, where, as here, a motion to amend is filed after the deadline set forth in the Court's scheduling order, the standards of Rule 15(a) and Rule 16(b) apply. *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). Rule 16(b) provides that the deadline for amendment of pleadings set forth in the Court's scheduling order can be extended "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This rule was "designed to ensure that 'at some point both the parties and the pleadings will be fixed.'" *Leary*,

349 F.3d at 906 (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment). Thus, "[o]nce the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Id.* at 909. The "good cause" requirement in Rule 16 is only satisfied where the movant shows "that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014).

If the Court finds that good cause exists, it then considers whether amendment is appropriate under Rule 15. Rule 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This "mandate" flows from the principle that a plaintiff "ought to be afforded an opportunity to test [their] claim on the merits" where "the underlying facts or circumstances relied upon . . . may be a proper subject of relief . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.— the leave sought should, as the rules require, be 'freely given.'" *Leary*, 349 F.3d at 905 (quoting *Foman*, 371 U.S. at 182). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "A district court's order denying a Rule 15(a) motion to amend is usually reviewed for an abuse of discretion." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *but see id.* (reviewing *de novo* district court's denial of "motion for leave to amend on the basis of futility"). Nevertheless,

Sixth Circuit case law "'manifests "liberality in allowing amendments to a complaint."'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).

## III. Analysis

As a preliminary matter, the Court will consider Burley's motion to amend timely filed. Burley first moved to amend his complaint before the deadline to do so under the Court's scheduling order had passed (Doc. No. 63), and the Court denied that motion "without prejudice to refiling in compliance with the Court's local rules" (Doc. No. 70, PageID# 356). Burley refiled a motion to amend two weeks later. (Doc. No. 73.) When the Court found that motion to be deficient (Doc. No. 77), Burley again refiled a motion to amend within two weeks (Doc. No. 80). Burley's efforts to comply with the Court's orders provide good cause to consider his motion to amend timely filed. *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) ("The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001))).

The facts Burley alleges in his proposed second amended complaint (Doc. No. 80-1) overlap with the factual allegations underlying four other actions Burley has filed in this Court. *See* Complaint, *Burley v. United Parcel Service*, No. 3:17-cv-00370 (M.D. Tenn. Feb. 16, 2017), ECF No. 1; Complaint, *Burley v. Humphries-Dixon*, No. 3:19-cv-00728 (M.D. Tenn. Aug. 20, 2019), ECF No. 1; Complaint, *Burley v. Dixon*, No. 3:21-cv-00551 (M.D. Tenn. July 22, 2021), ECF No. 1; Amended Complaint, *Burley v. Arnold*, No. 3:21-cv-00811 (M.D. Tenn. Nov. 24, 2021), ECF. No. 7.[2] All four of those cases were dismissed at the initial review stage. *See*

---

[2]     Another action, *Burley v. Arnold*, No. 3:21-cv-00326 (M.D. Tenn. Apr. 23, 2021), concerns the events surrounding Burley's arrest in April 2021 and is stayed pending resolution of the state

Memorandum Opinion, *Burley v. United Parcel Service*, No. 3:17-cv-00370 (M.D. Tenn. Feb. 28, 2017), ECF No. 4; Order, *Burley v. United Parcel Service*, No. 3:17-cv-00370 (M.D. Tenn. Feb. 28, 2017), ECF No. 5; Memorandum Opinion & Order, *Burley v. Humphries-Dixon*, No. 3:19-cv-00728 (M.D. Tenn. Jan. 24, 2020), ECF No. 5; Memorandum Opinion, *Burley v. Dixon*, No. 3:21-cv-00551 (M.D. Tenn. Oct. 14, 2021), ECF No. 8; Order, *Burley v. Dixon*, No. 3:21-cv-00551 (M.D. Tenn. Oct. 14, 2021), ECF No. 9; Memorandum Opinion, *Burley v. Arnold*, No. 3:21-cv-00811 (M.D. Tenn. Dec. 22, 2021), ECF No. 9; Order, *Burley v. Arnold*, No. 3:21-cv-00811 (M.D. Tenn. Dec. 22, 2021), ECF No. 10.

In the most recent of the other cases, Burley brought federal and state claims against Sumner County; the City of Portland, Tennessee; Arnold; Sumner County District Attorney General Lawrence Ray Whitley; Sumner County District Attorney General Jason Elliott, and Dixon, alleging generally that they conspired to violate his constitutional rights by fabricating evidence related to the delivery of packages to Dixon's UPS store on October 5 and October 19, 2015, and that Whitley and Elliott failed to adequately investigate when Burley and his attorney notified them of the fabricated evidence. Complaint, *Burley v. Arnold*, No. 3:21-cv-00811 (M.D. Tenn. Oct. 25, 2021), ECF No. 1; Amended Complaint, *Burley v. Arnold*, No. 3:21-cv-00811 (M.D. Tenn. Nov. 9, 2021), ECF No. 5; Amended Complaint, *Burley v. Arnold*, No. 3:21-cv-00811 (M.D. Tenn. Nov. 24, 2021), ECF No. 7. On December 22, 2021, the Court screened Burley's pleadings in that action under 42 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and dismissed all of Burley's claims. Memorandum, *Burley v. Arnold*, No. 3:21-cv-00811 (M.D. Tenn. Dec. 22, 2021),

---

criminal proceedings arising from that arrest. *See* Memorandum Opinion, *Burley v. Arnold*, No. 3:21-cv-00326 (M.D. Tenn. July 22, 2021), ECF No. 5; Order, *Burley v. Arnold*, No. 3:21-cv-00326 (M.D. Tenn. July 22, 2021), ECF No. 6.

ECF No. 9; Order, *Burley v. Arnold*, No. 3:21-cv-00811 (M.D. Tenn. Dec. 22, 2021), ECF No. 10.

In determining that Burley's fabrication-of-evidence claims should be dismissed, the Court stated:

> A Section 1983 plaintiff does not have a "complete and present cause of action" for a fabrication-of-evidence claim until the related "criminal proceedings against him terminated in his favor." *McDonough v. Smith*, 139 S. Ct. 2149, 2159 (2019); *see also id.* at 2158 n.7 (stating that a fabrication-of-evidence plaintiff is "not free to sue prior to his acquittal"). The same rule applies to a knowing-use-of-false-testimony claim. *See Jordan* [*v. Blount Cnty.*, 885 F.3d 413, 415 (6th Cir. 2018)] (quoting *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)) (explaining that a *Brady* claim cannot accrue until the relevant criminal proceeding terminates "in favor of the accused"); *Brooks v. Tennessee*, 626 F.3d 878, 894 (6th Cir. 2010) ("[A] false-testimony claim falls under the *Brady* disclosure doctrine."). This rule "is rooted in pragmatic concerns with avoiding parallel criminal and civil litigation over the same subject matter and the related possibility of conflicting civil and criminal judgments." *McDonough*, 139 S. Ct. at 2156–57 (citations omitted).
>
>         \*      \*      \*
>
> The Sumner County charge relating to Plaintiff's fabrication-of-evidence and knowing-use-of-false-testimony claims is still pending. Sumner County's Online Court Records System reflects that Plaintiff is currently set for trial on this charge in July 2022. And Plaintiff cannot "bring a fabricated-evidence challenge to criminal proceedings while those criminal proceedings are ongoing." *McDonough*, 139 S. Ct. at 2158. Accordingly, Plaintiff fails to state a claim on this basis at this time, and these claims will be dismissed without prejudice.
>
> So where does that leave Plaintiff? The Supreme Court explains: "The proper approach in our federal system generally is for a criminal defendant who believes that the criminal proceedings against him rest on knowingly fabricated evidence to defend himself at trial and, if necessary, then to attack any resulting conviction through collateral review proceedings." *Id.* at 2159. In other words, if the relevant Sumner County proceeding ends in Plaintiff's favor, or if "a resulting conviction [is ultimately] invalidated within the meaning of *Heck*," then Plaintiff will have "a complete and present cause of action" for the fabrication-of-evidence and knowing-use-of-false testimony claims asserted in the Complaint. At that time, Plaintiff may bring those claims in a Section 1983 suit, if he so desires.[3]

---

[3] The Court also found that, because Burley did not allege that the defendants conspired to discriminate against him based on race or other class-based animus, he had not stated a claim under 42 U.S.C. § 1985. Memorandum at 9 n.6, *Burley v. Arnold*, No. 3:21-cv-00811 (M.D. Tenn. Dec. 22, 2021), ECF No. 9 (first citing *Spurlock v. Whitley*, 79 F. App'x 837, 838 n.1 (6th Cir. 2003); and then citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)). The same is true for Burley's proposed second amended complaint in this case.

Memorandum at 10–12, *Burley v. Arnold*, No. 3:21-cv-00811 (M.D. Tenn. Dec. 22, 2021), ECF No. 9 (footnote omitted) (all alterations except the first in original).

The criminal proceedings relating to Burley's allegations are still pending and are set for trial beginning July 18, 2022, in Sumner County Circuit Court. *See State v. Burley*, No. 83CC1-2016-CR-379 (Sumner Cnty. Cir. Ct.). Because Burley cannot "bring a fabricated-evidence challenge to criminal proceedings while those criminal proceedings are ongoing[,]" *McDonough*, 139 S. Ct. at 2158, amending his complaint to assert claims based on fabrication of evidence would be futile.

The Court also declines to exercise supplemental jurisdiction over Burley's proposed state-law claims. The supplemental jurisdiction statute, 28 U.S.C. § 1367, provides that district courts may decline to exercise supplemental jurisdiction over a claim if (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). Burley's proposed state-law claims are based on his allegations of fabrication-of-evidence and, like his claims under § 1983, implicate "pragmatic concerns with avoiding parallel criminal and civil litigation over the same subject matter and the related possibility of conflicting civil and criminal judgments." *McDonough*, 139 S. Ct. at 2157. Therefore, the Court will decline to exercise supplemental jurisdiction over the state-law claims in Burley's proposed second amended complaint and will deny his motion to amend.

Burley's amended complaint (Doc. No. 29) remains the operative pleading in this action.

**IV.      Conclusion**

For the foregoing reasons, Burley's motion for leave to file an amended complaint (Doc.

No. 80) is DENIED. His motion to ascertain the status of that motion (Doc. No. 86) is GRANTED.

It is so ORDERED.

ALISTAIR E. NEWBERN
United States Magistrate Judge