IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IVAN ANTJUAN BURLEY, ) | |
| ) | |
|   Plaintiff, ) | |
| ) | NO. 3:19-cv-00118 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| SUMNER COUNTY 18TH JUDICIAL ) | MAGISTRATE JUDGE NEWBERN |
| DISTRICT DRUG TASK FORCE and ) | |
| SUMNER COUNTY, ) | |
| ) | |
|   Defendants. ) | |

## ORDER

Pending before the Court is Magistrate Judge Newbern's Report and Recommendation (Doc. No. 108), which was filed on December 30, 2022. Through the Report and Recommendation, Judge Newbern recommends that the Drug Task Force and Sumner County's motion for summary judgment (Doc. No. 89) be granted and that Plaintiff's motion for summary judgment (Doc. No. 94) be denied. On January 19, 2023, the Court received Plaintiff's objections to the Report and Recommendation. (*See* Doc. No. 112). For the reasons discussed below, the Magistrate Judge's Report and Recommendation is adopted and approved.

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id*. (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting

the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Plaintiff brings the present action under 42 U.S.C. 1983 alleging that the Drug Task Force and Sumner County violated his federally protected rights by seizing his property unlawfully. (Doc. No. 29). Judge Newbern recommends that summary judgment be granted in favor of the Drug Task Force based on her finding that the Drug Task Force lacks the legal capacity to be sued under Tennessee law or as an unincorporated association under Rule 17(b). (*See* Doc. No. 108 at 9-18). Plaintiff does not object or otherwise challenge Judge Newbern's finding that the Drug Task Force lacks the legal capacity. (*See* Doc. No. 112).

Judge Newbern recommends that summary judgment be granted in favor of Sumner County on Plaintiff's due process claim based on her determination that Plaintiff has not asserted a violation of his constitutionally protected right to due process under the Fourteenth Amendment:

> Under the Fourteenth Amendment, Burley has a constitutionally protected property interest in his personal property. *Cash*, 388 F.3d at 542. To succeed on a Fourteenth Amendment procedural due process claim, Burley "must show (1) the existence of a protected property interest at issue, (2) a deprivation of that protected property interest, and (3) that he or she was not afforded adequate procedures." *Paterek v. Vill. of Armada*, 801 F.3d 630, 649 (6th Cir. 2015) (citing *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 904 (6th Cir.2014)). The Sixth Circuit "often has sought to place procedural due process suits into two categories: 'those involving a direct challenge to an established state procedure' and 'those challenging random and unauthorized acts.'" *Daily Servs.*, 756 F.3d at 907 (quoting *Mertik v. Blalock*, 983 F.2d 1353, 1365 (6th Cir. 1993)). "'Unauthorized' actions . . . occur when the official in question lacks the broad power or authority to effect the deprivation." *Id.* at 909. When a plaintiff alleges a violation of due process through an unauthorized action, "'postdeprivation tort remedies are all the process that is due, simply because they are the only remedies the State could be expected to provide'; 'no matter how significant the private interest at stake and the risk of its erroneous deprivation, the State cannot be required constitutionally to do the impossible by

2

> providing predeprivation process.'" *Id*. at 905 (quoting *Zinermon v. Burch*, 494 U.S. 113, 128, 129 (1990)).
>
> Burley asserts the unauthorized seizure of his property. Accordingly, "pre-deprivation process is impossible and, therefore, adequate post-deprivation state procedures comport with the constitutional requirements of due process." *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991) (discussing *Parratt v. Taylor*, 451 U.S. 527 (1981)). Burley, the Drug Task Force, and Sumner County agree that Burley used state post-deprivation procedures to successfully challenge the seizure. Burley regained his property when the Davidson County Chancery Court ruled that the Sumner County Circuit Court lacked jurisdiction to issue the forfeiture warrants and ordered the seized property to be returned to Burley. (Doc. No. 90-1.) After being notified by Burley's lawyer of the state court decision, the Drug Task Force arranged to have Burley's property returned. (Doc. No. 91.) Because Burley has not asserted that the state's post-deprivation process was inadequate, he has not asserted a violation of his constitutionally protected right to due process under the Fourteenth Amendment.

(Doc. No. 108 at 21-25). Plaintiff objects, arguing that Judge Newbern improperly construed his claim as one challenging an unauthorized act. (Doc. No. 112 at PageID # 712). However, Plaintiff concedes that he "does allege the unauthorized seizures of his property[.]" (*Id*. at PageID # 712-713). While Plaintiff also contends that the unauthorized seizures were the result of an established Sumner County custom, he fails to show that Judge Newbern erred in finding that his due process claim challenges the unauthorized seizure of property. Accordingly, this objection is overruled.

Judge Newbern recommends that summary judgment be granted in favor of Sumner County on Plaintiff's Fourth Amendment claim based on her determination that Sumner County has shown the absence of a genuine issue of material fact that it engages in a custom of using unlawful warrants to seize property. (Doc. No. 108 at 22-25). Plaintiff objects, arguing that he provided evidence supporting his claim that Sumner County has a custom of allowing its officials to execute unlawful seizures and forfeitures. (*See* Doc. No. 112 at PageID # 713-715). However, Judge Newbern considered the materials Plaintiff filed to show that Sumner County engages in a

3

custom of using unlawful warrants to seize property and determined that the materials do not support a finding that Sumner has such a custom:

> To show a "clear and persistent pattern of illegal activity," Burley has provided materials that he argues show that Sumner County judges issued forfeiture warrants for property located outside their jurisdiction in 2019 and 2021. (Doc. No. 94.) The first document is an incomplete and undated memorandum apparently issued by Drug Task Force Director Kelly Murphy. (*Id*.) The memorandum identifies Burley's wife as Sze Ka Joyce Chan and states that, in recorded telephone conversations from the Sumner County Jail, Burley "apologized to Mrs. Chan for doing this again" and Chan responded that she "was worried Law Enforcement was going to seize her house and criminally charge her as well." (*Id*. at PageID# 546.) Burley has circled a paragraph in the memorandum which states that, "[o]n 04/30/2019, a search warrant was executed on Mrs. Chan's safety deposit box . . . in Nashville, Davidson County, TN [which had been] kept frozen since all the accounts were frozen on 02/08/2016." (*Id*.) The document does not identify the judge who issued the search warrant or the judge's jurisdiction. (Doc. No. 94.) It therefore does not support a finding that Sumner County had a custom of seizing property through invalid search warrants.
>
> Burley also includes two writs of attachment and seizure issued by a judge of the Sumner County Circuit Court on June 21, 2021, authorizing Arnold to seize funds from bank accounts held by Burley at PNC Bank and Fifth Third Bank. (*Id*.) Burley also includes the seizure and forfeiture notices issued for these assets, which show that the banks were located in Sumner County. (*Id*.) In addition, Burley attaches a seizure notice executed by Arnold for nine pounds of marijuana and a 2017 Chevrolet Silverado seized from Burley in Sumner County. (*Id*.) Finally, Burley attaches seizure notices executed by Arnold for nine pounds of marijuana and $2,792.39 in currency seized from Burley in Wilson County, Tennessee, on April 1, 2021. (*Id*.) Burley provides no documentation to show that this seizure was authorized by a Sumner County judge. These documents show that Burley has been the subject of several other seizures of his property by Arnold. None, however, supports a finding that the judge who authorized the seizures did so without authority and, thus, do not show a custom of Sumner County employing unlawful warrants to seize property.
>
> "[A] plaintiff bears a heavy burden in proving municipal liability, and he cannot rely solely on a single instance to infer a policy of deliberate indifference." *Thomas*, 398 F.3d at 433. Sumner County

> has shown the absence of a genuine issue of material fact that it engages in a custom of using unlawful warrants to seize property.

(Doc. No. 108 at 23-25) (footnote omitted). In support of his objection, Plaintiff filed the same two writs of attachment and seizure issued by a judge of the Sumner County Circuit Court on June 21, 2021, authorizing Arnold to seize funds from bank accounts held by Burley at PNC Bank and Fifth Third Bank, (*see* Doc. No. 112 at PageID# 720-723), and what appears to be a complete but undated and unsigned memorandum apparently issued by Drug Task Force Director Kelly Murphy (*see* Doc. No. 111 at PageID #688-709). Thus, this objection simply restates Plaintiff's argument, which Judge Newbern already considered. Accordingly, this objection does not provide a basis to reject or modify the Report and Recommendation. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

For the reasons described above, Plaintiff's objections fail to state viable grounds to challenge Judge Newbern's conclusions or otherwise provide a basis to reject or modify the Report and Recommendation. Thus, having fully considered Plaintiff's objections, the Court concludes that they are without merit, and that the Report and Recommendation should be adopted and approved. Accordingly, the Drug Task Force and Sumner County's motion for summary judgment (Doc. No. 89) is **GRANTED** and Plaintiff's motion for summary judgment (Doc. No. 94) is **DENIED**.

This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE